GENERAL ANILINE & FILM CORPORATION, Respondent, *v.* BAYER COMPANY, INC., et al., Appellants.

MEMORANDUM BY THE COURT. The only question before us is whether there is a valid defense pleaded, one which would be a bar to the complaint. Affirmance of the order does not import, as the dissenting opinion suggests, that the consent antitrust decree may not have to be considered in connection with the enforcement of any judgment which plaintiff may recover. It is, however, not a defense to plaintiff's cause of action for breach of contract. Moreover, defendants may have other remedies to lift themselves from the paradoxical situation in which they find themselves, but a decree to which plaintiff was not a party may not be interposed as a defense.

Order affirmed, with $20 costs and disbursements to the respondent.

VAN VOORHIS, J. (dissenting). Defendants appeal from an order striking affirmative defenses from the amended answer as insufficient in law. My dissent is from the affirmance of that part of the order which strikes the first defense.

Plaintiff sues in the State court to enforce a cartel agreement which has been adjudged by the United States District Court to violate the Federal antitrust laws. The decree in the antitrust suit, prosecuted by this plaintiff's principal stockholder, which is the United States of America, restrains defendants from performing the agreement on which this suit is based, and from paying to plaintiff the share of profits which it here sues to recover. The order appealed from strikes from the amended answer all reference to this antitrust decree, including its injunction against paying the claim which the present action is being maintained to enforce, thus placing defendants in a position where they will be subject to punishment for contempt of the United States District Court unless they defeat plaintiff's claim by establishing successfully *de novo* in this action that the antitrust charges made against them in the Federal court were rightly sustained.

The reasoning upon which this result has been reached is that plaintiff was not a party to the antitrust decree, which was entered by consent. The error in this ruling, as it seems to me, consists in failure to recognize that the antitrust decree will be a necessary factor in deciding this litigation in the State court, even if it falls short of being *res judicata* of plaintiff's claim. At this stage it is inappropriate to determine exactly what part the Federal decree does play or should play in this lawsuit. But to hold that it is without effect upon the rights and liabilities of these parties in this suit, is to admit failure of the law to cope with unusual situations justly and effectively. Adherence to precedent does not require application to one situation of rules which have their origin and meaning in other and essentially different contexts.

Although this antitrust decree is the outcome of civil rather than of criminal proceedings, the effect in either case is to impart a kind of status to plaintiff's cause of action, by immobilizing the claim in close confinement under lock and key. If the cause of action is to be liberated, that must be done by orderly procedure with proper reference to the status of the claim in consequence of what has occurred in the Federal court. Especially should it not be liberated

merely by passing the jailor's key from one hand to the other, so to speak, since the effect of the order appealed from is to hold that the Federal Government can lock up the cause of action with one hand and release it with the other, without the necessity of any co-ordination or correlation between the two. The situation resembles in some respects that which confronted the Court of Appeals in *Schindler* v. *Royal Ins. Co.* (258 N. Y. 310), where a plaintiff in an action on a policy of fire insurance had been convicted previously of the crime of presenting to the insurance company false and fraudulent proofs of the same loss. This conviction was pleaded as *res judicata* in the action to recover under the policy, but had been stricken from the answer as *res inter alios acta* (like the instant case) by the order appealed from to the Court of Appeals, which said, in an opinion per POUND, J. (pp. 312, 314):

"Appellant does not question the existence of a general rule that conviction in a criminal action is not conclusive proof in a civil action of the facts on which the judgment of conviction rests, but challenges the application of the rule in its extreme form to this case as absurd, unjust and unsound in principle. * * *

"The rule in New York from an early day (*Maybie* v. *Avery*, 18 Johns. 532) has relaxed the strict rule of complete exclusion. It permits proof of the conviction as *prima facie* evidence of the facts involved. * * *

"It would be an unedifying spectacle if the courts should now apply the strict rule which excluded all reference to the judgment of conviction in the civil action as evidence tending to establish the material facts. We shall, however, continue to hold that it is not effective as a plea in bar."

The analogy indicates that here the antitrust decree, although not *res judicata,* should either be regarded as prima facie evidence of the illegality of plaintiff's claim, or should be given some effect to preclude recovery unless and until it is modified by a court of competent jurisdiction having all of the interested parties before it.

The decision of this appeal does not depend upon the circumstance that this is a consent decree. Recovery by plaintiff herein could not, of course, be prevented merely due to a stipulation by defendants with any third party that the contract sued upon is unenforcible or void, but that is not a correct statement of the effect of this consent decree. The antitrust suit was not instituted against defendants by their choice. Their consent signified merely that they did not choose to defend, following an established procedure. The decree partakes of the character of a judgment between the parties, notwithstanding that it was entered by consent. Although the rights and liabilities of the parties to the present action have not thereby been finally determined, the Federal decree prohibits making the payments demanded in this complaint, and comity, at least, requires that the power and discretion of the courts should not be exercised to compel performance of an act which is already prohibited by judicial decree of a court having concurrent if not exclusive jurisdiction. Courts should not encourage but should be astute to avoid such bizarre results wherever possible.

It is not necessary to decide upon this appeal whether plaintiff should first be required to intervene in the antitrust action in the Federal court in order to obtain some modification of that decree, or whether this action should be stayed, or the complaint dismissed without prejudice, pending some other procedure. The question is simply whether the antitrust decree has any consequences bearing upon the cause of action alleged in this complaint. The memorandum of the majority takes issue with this statement, but it seems to me that this is not a

suitable occasion to make refined distinctions between whether this defense is complete or partial or partakes of the nature of a plea in abatement. As long as the Federal decree stands unmodified, it is a complete defense. Whatever its precise effect may be, it ought not to be stricken from the answer. To hold that it has no bearing would reflect upon the adaptability of the law in administering justice.

Some analogy may be found in the struggle of the courts to define the effect of an adjudication of bankruptcy, as creating a status binding upon all the world without coming under the doctrine of *res judicata* (cf. 1 Remington on Bankruptcy [4th ed.], §§ 525, 526). In bankruptcy cases, the usual procedure is to restrain actions in the State courts pending determination of the same issues in the Federal court, and the injunctions issued by the Federal court are given effect in the State courts notwithstanding that plaintiffs in the State courts may not have been parties to the Federal proceeding (*White* v. *Schloerb*, 178 U. S. 542, and other cases cited in 5 Remington on Bankruptcy, § 2494).

In another type of case, the Court of Appeals has said in *People* v. *Globe Mutual Life Ins. Co.* (91 N. Y. 174, 179) : " The State, by the injunction order operating alike upon the company and its agents, paralyzed the action of both the contracting parties, so that neither could perform, or put the other in the wrong."

The conclusions expressed herein are supported by *Torquay Corp.* v. *Radio Corp. of America* (2 F. Supp. 841); *St. Louis Amusement Co.* v. *Paramount Pictures* (61 F. Supp. 854, appeal dismissed 326 U. S. 680); 6 Williston on Contracts (§ 1939, pp. 5432–5433); Restatement, Contracts (§ 458); *Paramount Famous Lasky Corp.* v. *National Theatre Corp.* (49 F. 2d 64); *Operators' Oil Co.* v. *Barbre,* (65 F. 2d 857); *Moller* v. *Herring* (255 F. 670); *Kansas Union Life Ins. Co.* v. *Burman* (141 F. 835); *Crise* v. *Lanahan* (11 A. 842 [Md.]); *Levenson* v. *Cambridge Sav. Bank* (258 Mass. 468), and *Colonial Trust Co.* v. *Bodek* (108 N. J. Eq. 584).

The order appealed from should be modified by denying plaintiff's motion insofar as it applies to strike out the first separate and complete defense in the amended answer, and as so modified should be affirmed, with $20 costs and printing disbursements.

Peck, P. J., Callahan and Breitel, JJ., concur in Memorandum by the Court; Van Voorhis, J., dissents, in opinion.

Order affirmed, with $20 costs and disbursements to the respondent. [188 Misc. 929.] [See *post,* p. 813.]