OPINION OF THE COURT
Nicholas J. Criscione, J.
Plaintiff appeared pro se before the court and also the plaintiff submitted a letter in the nature of a legal memorandum prepared by Everett A. Mayhew, Jr., Esq., senior attorney of the Crime Victim’s Board which was addressed to this plaintiff and the defendant, Richard J. Wagner, appeared pro se.
*479 FACTS
The plaintiff brought an action against the defendant in the Small Claims Part of thé court for property damage caused by the defendant. The defendant presently is incarcerated in the Albany County Jail which is located within the Town of Colonie. At the original hearing the defendant indicated to the court that his prior address before being incarcerated was at the YMCA in the City of Schenectady. The defendant is presently temporarily incarcerated at the Albany County Jail pending transfer to a State correctional facility to which he was previously sentenced by a County Court Judge.
Upon the original hearing of the case, the court dismissed the complaint of the plaintiff as the court lacked jurisdiction over the defendant, Richard J. Wagner. Thereafter, the plaintiff submitted a letter to the court attached to which was a letter brief prepared by the senior attorney for the Crime Victim’s Board in support of essentially a reargument of the original decision made by the court dismissing the complaint and asking that the court retain jurisdiction as to the defendant. The basis for the plaintiff’s position is that, at the time of the commencement of the action, for purposes of small claims jurisdiction, the defendant was a resident of the Town of Colonie as he was housed at the Albany County Jail.
ARGUMENTS
The plaintiff argues that the court should retain jurisdiction, in that residence entails mere physical presence without the intention to remain indefinitely. Plaintiff further argues that the court would have jurisdiction since the tort, which is the underlying basis for the action, occurred within the Town of Colonie and that the defendant’s sole residence is at the County Jail as it is unlikely that he will maintain a residence at the YMCA. In addition, it is further alleged that the defendant’s mother also lives in the Town of Colonie, so the jurisdiction should remain with the town. Finally public policy and the interest of justice, because of the nature of the plaintiff’s claim, would appear to support finding Colonie the appropriate small claims jurisdiction.
OPINION OF THE COURT
The Justice Court is a court of limited jurisdiction and does not have the broad powers of the Supreme Court of the State of New York, which is a court of general plenary jurisdiction. *480 Unlike the Supreme Court, the Justice Court does not have long-arm jurisdiction and further the small claims part of the UJCA does not provide for transactional jurisdiction, i.e., the occurrence of a tort within the Town of Colonie as being the basis for jurisdiction. Further the Small Claims Part Calendar of the Justice Court has even more restrictive personal jurisdiction under statute than the general jurisdiction of the Justice Court.
UJCA 1801 with respect to small claims provides as follows: "The term 'small claim’ or 'small claims’ as used in this act shall mean and include any cause of action for money only not in excess of [$2,000] exclusive of interest and costs, provided that the defendant either resides, or has an office for the transaction of business or a regular employment, within the municipality where the court is located. ”
It is noted that it is necessary that a defendant in a small claims case either reside, have an office for transaction of business, or is regularly employed within the Town of Colonie. It is the court’s opinion that the defendant, being temporarily incarcerated at the Albany County Jail pending transfer to a State penitentiary, is not a resident of the Town of Colonie. It is obvious that the defendant did not voluntarily change his residence from the YMCA to the Albany County Jail or the State penitentiary to which he has been sentenced. It has been held that there must be a voluntary relinquishment of a prior residence and a voluntary establishment of a new residence or abode as a primary element in determination of residence. (Matter of Corr v Westchester County Dept. of Social Servs., 33 NY2d 111.)
It is long-established law in New York that a person does not involuntarily lose his domicile by being in prison. (People v Cady, 143 NY 100.) This principle of voluntary establishment of residence and the effect of incarceration in a jail or prison has even been codified in NY Constitution, article II, § 4, which provides that: "no person shall be deemed to have gained or lost a residence, by reason of his presence or absence * * * while confined in any public prison.” A residence is a place which a person voluntarily chooses and has a right to determine and further a place at which he has the liberty to leave as his interest may dictate. This principle was recently addressed and affirmed in the case of Chris-Mac Co. v Johnpoll (130 Misc 2d 478 [Civ Ct, NY County, Aug. 16, 1985]).
Although the court may sympathize with the merits of *481 plaintiffs claim, however, the court is unable to grant jurisdiction unto itself no matter how worthy the claim without statutory authority. There is no statutory authority for the court to assume jurisdiction in this matter, particularly under its Small Claims Part and, therefore, the court must dismiss plaintiffs claim.
The plaintiffs contention that the parental residence of the defendant in the Town of Colonie would constitute a basis for jurisdiction over the defendant, who is a legal adult, is not only without merit but preposterous. It is undisputed that the defendant does not claim the residence of his parents as his own.
Consequently, the court, in considering this motion to reargue the previous decision rendered herein, does hereby affirm the previous decision and dismiss the complaint of the plaintiff in small claims as the court does not have jurisdiction over the defendant for such purposes.
For procedural purposes, the court is treating the letter of the plaintiff as a motion in the nature of reargument with the brief in support prepared by the Crime Victim’s Board. The filing of this decision with the court shall constitute the order of the court denying plaintiffs request to reopen the case and denying plaintiffs motion for reargument.
An ancillary issue is whether the Sheriffs Department is obligated to transport to a small claims hearing an individual incarcerated at the jail who is named as a defendant in such small claims action. This issue need not be addressed, as the decision of the court regarding jurisdiction of the defendant is dispositive of this case.