■ YVONNE FARRELL, Individually and as Administratrix of the Estate of JAMES P. FARRELL, Deceased, Respondent, v LAUTOB REALTY CORP., Defendant, 860 BROADWAY CORPORATION, Doing Business as UNDERGROUND, et al., Appellants, et al., Defendant. (Action No. 1.) RICHARD LYNCOOK, Respondent, v 860 BROADWAY CORP., Doing Business as UNDERGROUND, et al., Appellants, et al., Defendants. (Action No. 2.) RHODA WELLS, Individually and as Administratrix of the Estate of STEPHEN PLEASANTS, Deceased, Respondent, v 860 BROADWAY CORP., Doing Business as UNDERGROUND, et al., Appellants, et al., Defendants. (Action No. 3.) [612 NYS2d 190] —In three separate actions to recover damages for personal injuries and wrongful death, the defendants 860 Broadway Corporation and Ronna Juliano, appeal from an order of the Supreme Court, Kings County (Vinik, J.), entered August 19, 1992, which, *inter alia,* denied their motions for a change of venue to Westchester County, granted the respective cross motions of the plaintiffs Richard Lyncook and Rhoda Wells to retain venue in Kings County, and granted the motion of the plaintiff Yvonne Farrell for a joint trial.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

This appeal involves three separate civil actions stemming from a shooting incident which occurred outside the Underground, a Manhattan nightclub, on the night of December 30, 1989. As a result of the shootings two people were killed and one was seriously injured. Osbourne Warner (hereinafter Warner), a defendant in Actions No. 1 and No. 2, is currently serving a prison term for the commission of these crimes.

On December 14, 1990, the first of the civil actions (Action No. 3) was commenced by service of a summons with notice upon Warner while he was being held in prison at Rikers Island. Venue in this action was designated as Kings County, Warner's place of residence prior to his arrest and conviction. Thereafter the other two actions (Actions No. 1 and No. 2) were commenced, each of which also designated Kings County as the place of trial.

Subsequently, the plaintiff in Action No. 1 moved to consolidate all three actions for purposes of a joint trial; three of the defendants, 860 Broadway Corporation, Ronna Juliano, and Lautob Realty Corp., moved to change venue to Westchester County; and the plaintiffs in Actions No. 2 and No. 3 cross-moved to retain venue in Kings County. In an order entered August 19, 1992, the Supreme Court granted the motion to consolidate for the purpose of a joint trial, denied the motions to change venue, and granted the cross motion to retain venue in Kings County. We now affirm.

Contrary to the appellants' contention, Kings County is not an improper venue because service of process was effected upon Warner while he was in prison on Rikers Island. It is undisputed that Warner was a resident of Kings County prior to his incarceration for the instant crimes, and it is long-established law in New York that a person does not involuntarily lose his domicile as a result of imprisonment *(see, People v Cady,* 143 NY 100; *Moore v Wagner,* 152 Misc 2d 478; *Chris-Mac Co. v Johnpoll,* 130 Misc 2d 478; *Greenwald v Board of Supervisors,* 567 F Supp 200, 207 [SD NY], *affd* 742 F2d 1434; *Urbano v News Syndicate Co.,* 232 F Supp 237 [SD NY], *revd on other grounds* 358 F2d 145; *see also,* 49 NY Jur 2d, Domicile and Residence, § 34). As stated by the Court of Appeals: "[A] patient or inmate of an institution does not gain or lose a residence or domicile, but retains the domicile he had when he entered the institution" *(Matter of Corr v Westchester County Dept. of Social Servs.,* 33 NY2d 111, 115). Thus, Warner's incarceration did not invalidate his Kings County residence, and, on that basis, venue was properly placed in that county.

Moreover, the only material witness who has been identified thus far is a resident of Kings County and the defendants have failed to demonstrate what nexus, if any, these actions have to Westchester County *(see, Strasser v Neuringer,* 137 AD2d 750).

We also note that, under the facts and circumstances

herein, the Supreme Court correctly ordered a joint trial since there are questions of law and fact common to all three actions and since the interests of justice and judicial economy are better served by a joint trial *(see,* CPLR 602 [a]; *Heck v Waldbaum's Supermarkets,* 134 AD2d 568; *Megyesi v Automotive Rentals,* 115 AD2d 596). Ritter, J. P., Copertino, Santucci and Hart, JJ., concur.