OPINION OF THE COURT
James D. Pagones, J.
*217 A petition has been filed seeking probate of an instrument purporting to be the last will of Fred A. Andros, Jr. It is dated March 28, 2001. The decedent died at the age of 63 on November 28, 2002 at Clinton Correctional Facility in Dannemora, New York. The facility is located in Clinton County.
On February 23, 2001 the decedent was convicted of murder in the second degree and conspiracy in the first degree in the County Court of Dutchess County. He was sentenced to 25 years to life on the murder, second degree, charge and SVs to 25 years on the conspiracy, first degree, charge. The sentences run concurrently. He had served 437 days in Dutchess County at the Dutchess County Jail at the time of sentencing, which would be credited against the minimum time served for parole purposes. The decedent also had been sentenced by the United States Government to 33 months on separate charges. That sentence was scheduled to begin at the end of the state sentence. The decedent was living in Dutchess County at the time of his incarceration.
The issue for consideration is the venue for this estate. SCPA 205 (1) provides that the “surrogate’s court of any county has jurisdiction over the estate of a decedent who was a domiciliary of the state at the time of his death . . . The proper venue . . . is the county of the decedent’s domicile at the time of his death . . . .” SCPA 205 (2) allows for the surrogate on his own motion to transfer any proceeding to the Surrogate’s Court of the proper county. Domicile is defined as “[a] fixed, permanent and principal home to which a person wherever temporarily located always intends to return.” (SCPA 103 [15].) The decedent was born April 23, 1939. According to the life tables for males living in the United States, he had a life expectancy of 17.3 years. (1B NY PJI3d, appendix A, at 1555.) It is reasonable to conclude that had he lived, the decedent would still have died in prison at the end of his statistical life in view of his state and federal prison terms.
Domicile is the place in which the testator intends to make his home indefinitely. (Matter of Brunner, 41 NY2d 917, 918 [1977].) The element of intent is a crucial factor when considering a change of domicile. (Matter of Urdang, 194 AD2d 615 [2d Dept 1993].) Upon his conviction and incarceration the decedent forfeited the ability to decide his domicile for a jail cell, the location of which would be determined at all times by the Department of Correctional Services. A different intent could be gleaned if the decedent had a reasonable expectation of either *218 parole or completion of his jail sentence during his lifetime, not present here. Thus, the decedent’s domicile was the facility in which he resided at the time of his death.
The question then arises as to the efficient use of judicial economy and achieving the ends of justice in light of these unique facts. The following factors militate in favor of retaining the proceeding in Dutchess County rather than transferring it to Clinton County: (1) The death certificate indicates the decedent was born in Dutchess County; (2) he is buried in Dutchess County; (3) the decedent declares he is a resident of this county in the propounded instrument; (4) the four distributees identified in the probate petition are all residents of Dutchess County; (5) the location of decedent’s personal property and interest in improved real property are in Dutchess County; (6) the decedent was employed in Dutchess County at the time of his trial, conviction and sentence; and (7) any new proceedings relating to the decedent’s underlying conviction and sentence would be heard in this county.
The decedent was married four times. The probate petition indicates he was survived only by adult children. Four of them are identified. The court has been contacted by a person alleging that there are at least three additional adult children. They must be included and served with a citation or given the opportunity to execute a waiver. In addition, the decedent’s marital status needs to be clarified. Towards that end, petitioner’s counsel may contact the District Attorney of Dutchess County for further information. Counsel may also submit a proposed order authorizing him to research the decedent’s matrimonial files maintained by the Dutchess County Clerk. (Domestic Relations Law § 235 [1].) Therefore, the petition must be amended to reflect the foregoing within 10 days of service of a copy of this decision so that a citation may issue.