PATRICIA A. CHIACCHIA, Appellant, v NATIONAL WESTMINSTER BANK USA, Formerly Known as NATIONAL BANK OF NORTH AMERICA, et al., Respondents

In August 1981, the plaintiff, Patricia Chiacchia, rented a safe deposit box in her name only from the defendant NWB. The rental agreement which she executed stated, in pertinent part, that she "has received two (2) keys thereto from a sealed envelope and agrees to the rules and regulations of the Bank in force at this date."

On November 8, 1982, NWB permitted the plaintiff's estranged husband, the defendant Mario Chiacchia (hereinafter Mario), access to the plaintiff's safe deposit box. Mario removed property from the box, and when the plaintiff subsequently discovered the absence of her property and demanded its return from Mario, he refused. The plaintiff then commenced the instant action against NWB and Mario, alleging, *inter alia,* that the safe deposit box contained her personal property valued at $325,000, including $50,000 in cash, all of which was missing from the box.

Mario's answer alleged that the plaintiff had previously converted his cash and property totaling $200,000 in value. After all of the responsive pleadings had been served, the plaintiff commenced a matrimonial action against Mario in February 1983.

The plaintiff's deposition with regard to the instant action was taken in September 1983. Mario's deposition in this action was taken in February 1985. NWB thereafter moved, *inter alia,* for summary judgment and for consolidation or a joint trial of the remaining causes of action with the pending matrimonial action. Mario cross-moved, *inter alia,* for consolidation or a joint trial as well.

The basis for NWB's motion for summary judgment was the existence of an NWB document entitled "Rules for Your Safety Deposit Box Service" which contains the following sentence, in a paragraph under the subheading of "CONTENTS OF YOUR SAFE DEPOSIT BOX AND RESPONSIBILITY": "You should not use your safety deposit box for the storage of any cash or coins (except collector's items) or of any controlled substance or for any illegal purpose".

Special Term granted that branch of NWB's motion which was to dismiss so much of the plaintiff's causes of action which sought to recover damages for the loss of the $50,000 in cash and ordered the remaining causes of action insofar as they are asserted against NWB "consolidated for a joint trial" with the pending matrimonial action. As to Mario's cross motion, Special Term ordered the instant action, insofar as it is asserted against Mario "consolidated for a joint trial" with the pending matrimonial action.

Special Term erred in dismissing the plaintiff's causes of action against NWB in regard to the $50,000 in cash. The doctrine of incorporation by reference requires that the paper to be incorporated into a written instrument by reference must be so referred to and described in the instrument that the paper may be identified beyond all reasonable doubt *(see, Matter of Board of Commrs.,* 52 NY 131, 134). That rule of law is grounded on the premise that the material to be incorporated is so well known to the contracting parties that a mere reference to it is sufficient. There is an insufficient basis from which to draw such a conclusion here. Moreover, in the instant case, NWB's rental agreement, which was signed by the plaintiff, contained no direct reference to, or description of its paper entitled "Rules for Your Safe Deposit Box Service" which Special Term found binding on the parties *(cf. Daskolopoulos v European Am. Bank. & Trust Co.,* 104 AD2d 1020; *Dietrich v Chemical Bank,* 115 Misc 2d 713, 715, *affd* 92 AD2d 786). Whether the paper encompassing the bank rules was referred to or described in the rental agreement such that it could be identified beyond all reasonable doubt constitutes a question of fact precluding summary judgment *(see, Andre v Pomeroy,* 35 NY2d 361, 364).

Special Term did not act improvidently to the extent that it ordered that the plaintiff's matrimonial action be tried jointly with the instant action. A CPLR 602 (a) motion is addressed to the discretion of the trial court and it is the burden of the opponent of the motion to demonstrate that prejudice to a substantial right would result from consolidation or from a joint trial *(see, Matter of Vigo S. S. Corp. [Marship Corp. of Monrovia],* 26 NY2d 157, 161, *cert denied sub nom. Snare Corp. v Vigo S. S. Corp.,* 400 US 819; *Computer Strategies v Commodore Business Machs.,* 105 AD2d 167, 173, *lv denied* 110 AD2d 743; *Eagle Pet Serv. Co. v Pacific Employers Ins. Co.,* 102 AD2d 810). A single common issue suffices *(see,* CPLR 602 [a]; *Harby Assoc. v Seaboyer,* 82 AD2d 992, 993) and a joint trial enables each action to maintain its individuality with

separate verdicts to be returned in each *(see, Wallach Agency v Bank of N. Y.,* 75 AD2d 878, 879; *Inspiration Enters. v Inland Credit Corp.,* 57 AD2d 800). In this case, the plaintiff's affidavits in opposition to the defendants' CPLR 602 (a) motion contain bare allegations which are insufficient to demonstrate prejudice to a substantial right *(see, Computer Strategies v Commodore Business Machs., supra).* However, we are clarifying the order appealed from to correct Special Term's improper use of the term "consolidated for joint trial".

We have considered the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.