■ WILMA HOLMES et al., Appellants, v MERCY COLLEGE, Respondent. (Action No. 1.) WILMA HOLMES et al., Appellants, v NEIL CAVONE et al., Respondents. (Action No. 2.)—In two actions to recover damages for personal injuries, the plaintiffs appeal (1) from an order of the Supreme Court, Dutchess

County (Wood, J.), dated March 14, 1985, which denied their motion for severance of the issue of damages from action No. 1 and a joint trial of that issue with a trial on the issue of damages in action No. 2, and (2) as limited by their brief, from so much of an order of the same court, entered May 14, 1985, as upon reargument, adhered to its original determination denying their motion for a joint trial, and denied that branch of their motion which was for a consolidation of the two actions.

Ordered that the appeal from the order dated March 14, 1985 is dismissed, as that order was superseded by the order dated May 14, 1985, made upon reargument; and it is further,

Ordered that the order dated May 14, 1985 is reversed, insofar as appealed from, the order dated March 14, 1985 is vacated and that branch of the plaintiffs' motion which was for consolidation is granted to the extent that actions Nos. 1 and 2 shall be tried jointly on the issues of liability and damages and is otherwise denied; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

Special Term erred in determining that no common questions of fact exist in these two actions. These actions, premised on the plaintiff Wilma Holmes' slip and fall accident and an automobile accident which occurred one year later, share the common issue of which injuries were caused by the defendants in each case. Although the discretion of Special Term in determining a motion for consolidation or a joint trial is wide, the interests of justice and judicial economy are better served by a joint trial in these cases (Megyesi v Automotive Rentals, 115 AD2d 596), and the defendants failed to demonstrate any overriding prejudice to a substantial right (see, Chiacchia v National Westminster Bank, 124 AD2d 626). Therefore, we substitute our discretion for that of Special Term by granting that branch of the plaintiffs' motion which was for consolidation to the extent of directing that the two actions be tried jointly.

Although whether these trials should be bifurcated is ordinarily within the trial court's discretion, in this case, it is appropriate that the issues of negligence, proximate cause and damages be heard without bifurcation. Bracken, J. P., Weinstein, Rubin and Harwood, JJ., concur.