■ BARRY HECK et al., Appellants, v WALDBAUM'S SUPERMARKETS, INC., Respondent. (Action No. 1.) BARRY HECK et al., Appellants, v WALDBAUM'S SUPERMARKETS, INC., et al., Respondents. (Action No. 2.)—Appeal by the plaintiffs from an order of the Supreme Court, Kings County (Hurowitz, J.), dated June 3, 1986, which denied their motion pursuant to CPLR 602 (a) for joint trial of two separate actions brought by them to recover damages for personal injuries.

Ordered that the order is reversed, with costs, the plaintiffs' motion is granted, and the two actions brought by the plaintiffs shall be tried jointly.

Although the discretion of the trial court is undeniably wide in assessing the propriety of a motion for a joint trial pursuant to CPLR 602 (a), "the interests of justice and judicial economy are better served by joint trials wherever possible" *(Megyesi v Automotive Rentals,* 115 AD2d 596; *see also, Mideal Homes Corp. v L & C Concrete Work,* 90 AD2d 789). Indeed, we have held that "[a] single common issue" will suffice to warrant a joint trial *(Chiacchia v National Westminster Bank,* 124 AD2d 626, 628). Further, "it is the burden of the opponent of the motion to demonstrate that prejudice to a substantial right would result from consolidation or from a joint trial" *(Chiacchia v National Westminster Bank, supra,* at 628).

At bar, a common issue exists with respect to the back injury allegedly sustained by plaintiff Barry Heck, as alleged in the first action, and the extent to which that same injury was exacerbated—as alleged in the plaintiffs' bill of particulars—by the accident complained of in the second action *(cf., Holmes v Mercy Coll.,* 128 AD2d 836; *Megyesi v Automotive Rentals, supra).* We note, moreover, that the affidavit submitted by the defendants in opposition to the plaintiffs' motion fails to demonstrate prejudice to a substantial right *(see, Chiacchia v National Westminster Bank, supra).* Therefore, we substitute our discretion for that of the trial court by granting the plaintiffs' motion for a joint trial. Mollen, P. J., Rubin, Kooper and Sullivan, JJ., concur.