■ MARILYN DOLCE, Appellant, v PHILIP JONES et al., Respondents.—In an action to recover damages for personal injuries arising from three separate automobile accidents, the plaintiff appeals from an order of the Supreme Court, Nassau County (Widlitz, J.), entered December 3, 1987, which, *inter alia,* granted the motion of the defendants Paramount Plumbing & Heating Corp. and Eleanor Greenblatt to sever the matter into three separate actions and directed separate trials.

Ordered that the order is reversed, with one bill of costs payable by the defendants Paramount Plumbing & Heating Corp. and Eleanor Greenblatt, and the motion is denied.

While "[i]n furtherance of convenience or to avoid prejudice", a court may order a severance of claims and separate trials (CPLR 603), under the circumstances herein, we find that the grant of such relief was inappropriate.

The plaintiff's claim for damages for personal injuries is based upon three separate automobile accidents, which had occurred during an 18-month period. She specifically contends, in her verified bills of particulars, that the second and third accidents aggravated certain injuries she allegedly sustained in the first accident. Thus, the causes of action "share the common issue of which injuries were caused by the defendants" involved in each accident (Holmes v Mercy Coll., 128 AD2d 836, 837; see also, Heck v Waldbaum's Supermarkets, 134 AD2d 568; Boyman v Bryant, 133 AD2d 802).

Further, there has been no demonstration that prejudice to a substantial right of the defendants would result in the absence of a severance (cf., Heck v Waldbaum's Supermarkets, supra; Holmes v Mercy Coll., supra). Whether the causes of action relating to each accident are tried jointly or separately, it is apparent that part of the defense with respect to each accident will be that the other defendants are responsible for the plaintiff's injuries. Accordingly, it is clear that "[o]ne jury hearing all the evidence [could] better determine the extent to which each defendant caused [the] plaintiff's injuries and should eliminate the possibility of inconsistent verdicts which might result from separate trials" (Thayer v Collett, 41 AD2d 581; see also, Holmes v Mercy Coll., supra). Lawrence, J. P., Rubin, Spatt and Sullivan, JJ., concur.