◼ KATHLEEN ZUPICH, as Mother and Natural Guardian of THOMAS ZUPICH, an Infant, et al., Respondents, v FLUSHING HOSPITAL AND MEDICAL CENTER et al., Defendants, and JOSEPH P. CONCANNON, Appellant. (Action No. 1.) KATHLEEN ZUPICH, as Mother and Natural Guardian of THOMAS ZUPICH, an Infant, et al., Plaintiffs, v WYETH LABORATORIES, Defendant. (Action No. 2.)—In an action to recover damages for medical malpractice (action No. 1) and an action to recover damages for negligence sounding in strict product liability (action No. 2), Joseph P. Concannon, a defendant in action No. 1, appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Zelman, J.), dated May 3, 1988, as denied his motion for consolidation of the actions.

Ordered that the order is reversed, with costs to the appellant payable by the respondents, the motion is granted, and action No. 2 is consolidated into action No. 1; and it is further,

Ordered that the matter is remitted to the Supreme Court, Queens County, for the making of an order in its discretion setting a schedule for the expeditious completion of all discovery in the consolidated action.

Although a motion pursuant to CPLR 602 (a) to consolidate two pending actions is addressed to the sound discretion of the trial court *(see, T T Enters. v Gralnick,* 127 AD2d 651, 652; *Leung v Sell,* 115 AD2d 929), consolidation is favored by the courts as serving the interests of justice and judicial economy *(Mideal Homes Corp. v L&C Concrete Work,* 90 AD2d 789; *see also, Heck v Waldbaum's Supermarkets,* 134 AD2d 568). The motion to consolidate should be granted unless the opposing party succeeds in demonstrating prejudice to a substantial right *(see, Matter of Vigo S. S. Corp. [Marship Corp.],* 26 NY2d 157, 161, *cert denied sub nom. Snare Corp. v Vigo S. S. Corp.,* 400 US 819; *Chiacchia v National Westminster Bank,* 124 AD2d 626, 628).

At bar, a common issue exists as to the extent to which each defendant is responsible for the injuries sustained by the infant plaintiff allegedly as the result of his mother's ingestion during pregnancy of a drug prescribed by the defendants in action No. 1 and manufactured and sold by the defendant in

action No. 2 *(see, Dolce v Jones,* 145 AD2d 594; *Heck v Waldbaum's Supermarkets, supra)*. Moreover, the plaintiffs have failed to demonstrate that prejudice to a substantial right would result from consolidation. Any alleged prejudice to the plaintiffs arising from the different procedural stages to which the two actions have progressed can be cured by the expeditious completion of discovery in action No. 2 *(see, Chinatown Apts. v New York City Tr. Auth.,* 100 AD2d 824, 825). Consolidation should also prevent the injustice which would result if inconsistent verdicts were delivered in separate trials *(see, Dolce v Jones, supra)*. Therefore, we substitute our discretion for that of the trial court by granting the motion for consolidation of the two actions. Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.