■ ROSEMARY A. MCIVER et al., Appellants, v ROBERT S. CANNING et al., Respondents. [612 NYS2d 248] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Dutchess County (Jiudice, J.), dated September 8, 1992, which granted the motion of the defendant Julien Youn Dumas and the application of the defendant Thomas Santopietro to sever the first cause of action from the remainder of the lawsuit and, (2) as limited by their brief, from so much of an order of the same court, dated November 19, 1992, which, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated September 8, 1992, is dismissed since that order was superseded by the order dated November 19, 1992, made upon reargument; and it is further,

Ordered that the order dated November 19, 1992, is reversed insofar as appealed from, on the law, the order dated September 8, 1992, is vacated, and the motion of the defendant Julien Youn Dumas and the application of the defendant Thomas Santopietro to sever the first cause of action are denied; and it is further,

Ordered that the plaintiffs are awarded one bill of costs payable by the respondents appearing separately and filing separate briefs.

This personal injury action arises from two separate automobile accidents which occurred on February 24, 1990, and October 6, 1990. The complaint alleges two causes of action against the defendants Robert S. and Lloyd F. Canning and one cause of action against the defendants Julien Youn Dumas and Thomas Santopietro. Dumas moved, pursuant to CPLR 603, to sever the first cause of action from the remainder of the lawsuit, and Santopietro's attorney, in her affirmation in support of Dumas' motion, applied for the same relief.

In opposition, the plaintiffs contended that there were common questions of law and fact which precluded severance. Specifically, the plaintiffs submitted an affidavit from a treating physician alleging that the second accident had aggravated the injuries which had been sustained by the plaintiff Rosemary McIver in the first accident. The Supreme Court granted the severance and, upon reargument, adhered to its original determination. We reverse.

In view of the plaintiffs' contention, which was supported by a medical affidavit, that the second accident aggravated the injuries sustained by the plaintiff Rosemary McIver in the first accident, we find that the interest of justice and judicial economy would be best served by the adjudication of the plaintiffs' claims within the context of one trial (see, Obeid v Thermo Natl. Indus., 146 AD2d 616; Heck v Waldbaum's Supermarkets, 134 AD2d 568; Boyman v Bryant, 133 AD2d 802; Holmes v Mercy Coll., 128 AD2d 836, 837). Further, we note that the defendants have failed to demonstrate that a joint trial would result in their suffering prejudice to a substantial right (see, Heck v Waldbaum's Supermarkets, supra). Accordingly, the Supreme Court improvidently exercised its discretion in granting the severance.

We have reviewed the parties' remaining contentions and find them to be without merit. Thompson, J. P., Copertino, Pizzuto and Florio, JJ., concur.