■ RICHARD BOWER, Respondent, v THOMAS D. ANDERSON et al., Defendants, and JOEL JACOBSON, Appellant. [635 NYS2d 474] —In an action, *inter alia,* to recover damages for fraud, the defendant Joel Jacobson appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Collins, J.), dated May 17, 1994, as denied those branches of his motion which were to dismiss the complaint insofar as it is asserted against him, or, in the alternative, to sever the complaint insofar as it is asserted against him for the purpose of conducting separate trials.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's causes of action to recover damages for fraud alleged the essential elements of fraud *(see, Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.,* 88 AD2d 461) and set them forth in sufficient detail to clearly inform the defendant Joel Jacobson of the incidents complained of *(see,* CPLR 3016 [b]; *Lanzi v Brooks,* 43 NY2d 778). Accordingly, the fraud causes of action should not be dismissed. The denial of dismissal of the plaintiff's cause of action alleging breach of a fiduciary duty was proper as the defendant Joel Jacobson failed to present an argument warranting dismissal of that cause of action.

We reject the defendant Joel Jacobson's application to sever the causes of action asserted against him. The roles of the defendant Joel Jacobson and the other codefendants are so inextricably interwoven that a single trial is appropriate in the furtherance of the interest of judicial economy *(see, McIver v Canning,* 204 AD2d 698; *Klein v City of Long Beach,* 154 AD2d 346). Balletta, J. P., Miller, O'Brien and Copertino, JJ., concur.