■ James Rahman et al., Plaintiffs, v Charles Miller et al., Respondents, et al., Defendants. (Actions Nos. 1 and 2.) Yardarm Beach Condominium II, Respondent, v Gary D. Salt et al., Defendants, and Clair Odell Group Insurance, Appellant. (Action No. 3.) Richard S. Joseph et al., Plaintiffs, v Board of Managers of Yardarm Beach Condominium II, Respondent. (Action No. 4.) Robert Goldstein et al., Plaintiffs, v Charles Miller, Respondent. (Action No. 5.) Jerod A. Rosenthal et al., Plaintiffs, v Charles Miller et al., Respondents. (Action No. 6.) Larry Bronson et al., Plaintiffs, v Charles Miller et al., Respondents, et al., Defendants. (Action No. 7.) [684 NYS2d 580] —In six actions to recover damages for injury to property (Action Nos. 1, 2, and 4 through 7), and in a related action (Action No. 3), *inter alia*, for indemnification and contribution, Clair Odell Group Insurance, a defendant in Action No. 3, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated August 19, 1997, as granted the motion of Charles Miller as President of the Board of Managers of Yardarm Beach Condominium II and that Board to consolidate Action No. 3 with Action Nos. 1, 2, and 4 through 7 to the extent of directing a joint trial.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court providently exercised its discretion in directing a joint trial since there exists a common question of fact regarding the relative fault of the parties in Action No. 3 in their failure to procure a policy to provide coverage for the benefit of the plaintiffs in Action Nos. 1, 2, and 4 through 7 which would have protected those plaintiffs against the actual cost of replacing the condominium in the event of a fire. In the interest of justice and judicial economy, a single trial would be more appropriate (*see, Farrel v Lautob Realty Corp.*, 204 AD2d 597; *Heck v Waldbaum's Supermarkets*, 134 AD2d 568; *Megyesi v Automotive Rentals*, 115 AD2d 596). Moreover, Clair Odell Group Insurance has failed to demonstrate prejudice to a substantial right as a result of a joint trial (*see,* CPLR 602; *Ryckman v Schlessinger-Levi-Polatsch-Tydings*, 225 AD2d 603; *North Side Sav. Bank v Nyack Waterfront Assocs.*, 203 AD2d 439; *Donaldson v Jamaica Buses*, 172 AD2d 800; *Heck v Waldbaum's Supermarkets, supra*). Miller, J. P., Thompson, McGinity and Luciano, JJ., concur.