**AICO INTERNATIONAL, E.C.,**
**Petitioner–Appellant,**

v.

**MERRILL LYNCH & CO., INC., and Merrill Lynch International Bank Limited, a wholly-owned affiliate of Merrill Lynch & Co., Inc., Respondents–Appellees,**

**Merrill LYNCH, Pierce, Fenner & Smith Incorporated, a wholly-owned affiliate of Merrill Lynch & Co., Inc., Respondent,**

**NASD, NASD Dispute Resolutions, Inc., a nominal Third Party Respondent, Third Party Respondent.**

**No. 03–7560.**

United States Court of Appeals, Second Circuit.

April 28, 2004.

---

Marvin G. Pickholz, Pickholz Law Firm LLP, (Jason R. Pickholz, on the brief), New York, NY, for Appellant.

Christopher P. Hall, Morgan Lewis & Bockius LLP, (Francis S. Chlapowski, on the brief), New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, CARDAMONE, and KEITH,* Circuit Judges.

## SUMMARY ORDER

Petitioner-appellant, AICO International, E.C. ("AICO"), appeals the April 30, 2003 order of the United States District Court for the Southern District of New York (Cedarbaum, *District Judge*) dismissing its petition to compel arbitration for lack of subject matter jurisdiction. In the alternative, the district court held that AICO failed to state a claim for which relief can be granted under Fed.R.Civ.P. 12(b)(6).

We assume familiarity with the facts and recite only the following relevant details.

AICO's underlying claim is that Merrill Lynch, Pierce, Fenner & Smith ("MLPF & S"), Merrill Lynch & Co., Inc. ("ML & Co"), and Merrill Lynch International Bank Limited ("MLIB") ** committed, *in-*

---

\* The Honorable Damon J. Keith, of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

\*\* ML & Co is the parent of both MLPF & S and MLIB. MLPF & S and ML & Co are incorporated in Delaware, with their principal place of business in New York; MLIB is a foreign entity incorporated (and whose principal place of business is) in England. AICO is also a foreign entity incorporated in the Kingdom

*ter alia,* federal securities violations, breach of contract, and common law fraud in connection with a June 19, 1998 Cash Management Account International Agreement ("CMA Agreement"). The CMA Agreement, signed only by MLPF & S and AICO, contains a clause that submits all controversies to arbitration in New York before the National Association of Securities Dealers ("NASD"). Although MLPF & S consented to arbitrate AICO's claims, non-signatories ML & Co and MLIB (the "Non-signatories") refused. AICO's petition to compel the Non-signatories to arbitrate ensued.

On appeal, AICO contends that the district court had subject matter jurisdiction to hear the dispute. It further argues that the Non-signatories are bound to arbitrate (a) because the district court's interpretation of the contract between AICO and MLPF & S was clearly erroneous; (b) because a customer of NASD may require an NASD non-member corporate entity to arbitrate a "customer dispute" under section 10301 of the "NASD Manual, Code of Arbitration Procedure;" or (c) under theories of estoppel and agency. We reject these arguments and affirm.

■ As the district court found, there was no diversity jurisdiction because a corporation, is "deemed ... a citizen of any State by which it has been incorporated and of the State where it has its principal place of business," 28 U.S.C. § 1332(c)(1); and the presence of foreign parties on both sides of the litigation destroys diversity jurisdiction because the plaintiff must be of diverse citizenship to all defendants. *See, e.g., Franceskin v. Credit Suisse,* 214 F.3d 253, 258 (2d Cir.2000).

■ We also agree with the district court's determination that there was no federal question jurisdiction even though AICO's statement of claim raises Federal securities law questions. It is well settled that subject matter jurisdiction over a motion to compel arbitration may not be based on the content of the underlying claim. *See Westmoreland Capital Corp. v. Findlay,* 100 F.3d 263 (2d Cir.1996), *amended opinion* 1996 U.S.App. LEXIS 35571, at *15–16 (holding that "the text of FAA § 4 should not be interpreted to mean that a federal court has subject matter jurisdiction over an action to compel or stay arbitration merely because the underlying claim raises a federal question.")

■ AICO also argues that the district court had subject matter jurisdiction under the Convention on the Enforcement and Recognition of Foreign Arbitral Awards (the "Convention"). However, we decline to consider whether there was jurisdiction under the Convention because it was not raised by AICO until its reply brief on appeal. *See Ernst Haas Studio, Inc. v. Palm Press, Inc.,* 164 F.3d 110, 112 (2d Cir.1999); Fed. R.App. P. 28(a).

■ Even if there were jurisdiction under the Convention, we would nonetheless affirm the district court's dismissal for failure to state a claim upon which relief can be granted. ML & Co and MLIB were non-signatories to the CMA Agreement between AICO and MLPF & S and are unwilling to consent to arbitration pursuant to the agreement's arbitration clause. Estoppel of an unwilling non-signatory requires a showing, absent here, that the non-signatory "knowingly exploited" the benefits of an agreement with an arbitration clause and derived a "direct benefit" from the agreement. *Mag Portfolio Consult, Gmbh v. Merlin Biomed Group,* 268 F.3d 58, 61–62 (2d Cir.2001). Furthermore, the conclusory allegations of a general agency relationship between a signa-

of Bahrain; its principal place of business is in Saudi Arabia.

tory and non-signatory do not suffice to compel these unwilling non-signatories to arbitrate under that theory. *See Merrill Lynch Inv. Managers v. Optibase Ltd.,* 337 F.3d 125, 130–31 (2d Cir.2003) (rejecting argument based on *Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 7 F.3d 1110 (3d Cir.1993) that an unwilling, non-signatory may be bound to arbitrate under (a) a general agency relationship or (b) estoppel based on indirect benefit to the non-signatory).

We have considered all of AICO's arguments and find them to be without merit.

Accordingly, and for the foregoing reasons, the judgment of the district court is hereby AFFIRMED.