PLAINVIEW WATER DISTRICT, Appellant, v EXXON MOBIL CORPORATION, Formerly Known as EXXON CORPORATION and Another, et al., Respondents, et al., Defendants. [888 NYS2d 521]—

In an action, inter alia, to recover damages pursuant to Navigation Law § 181 and General Business Law § 349 and for public nuisance for the release of methyl tertiary butyl ether into the ground and groundwater near the plaintiff's water supply wells, the plaintiff appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Nassau County (Davis, J.), dated January 9, 2008, as, after a nonjury trial, denied its motion to strike certain expert witness testimony, and (2) from so much of a judgment of the same court entered February 29, 2008, as, after the nonjury trial, dismissed the complaint insofar as asserted against the defendants Exxon Mobil Corporation, formerly known as Exxon Corporation and formerly known as Mobil Corporation, Exxon Corporation, Mobil Corporation, Federated Associates, Federated Associates, LLC, Shell Oil Company, Inc., Motiva Enterprises, LLC, and Cumberland Farms, Inc.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff Plainview Water District commenced this action in response to the release of gasoline treated with methyl tertiary butyl ether (hereafter MTBE) from the underground

storage tanks underneath gas stations owned and/or operated by the defendants Exxon Mobil Corporation, formerly known as Exxon Corporation and formerly known as Mobil Corporation, Exxon Corporation, Mobil Corporation, Federated Associates, Federated Associates, LLC, Shell Oil Company, Inc., Motiva Enterprises, LLC, and Cumberland Farms, Inc. (hereinafter the defendants). It is undisputed that the subject plant 1 wells operated by the plaintiff have never detected MTBE. The plaintiff alleged in its complaint that its plant 1 wells were under an imminent threat of MTBE contamination.

The plaintiff's contention that the trial court erroneously bifurcated the trial by first trying the threshold issue of imminent threat is without merit. The decision whether to conduct a bifurcated trial, severing various issues of liability and damages, rests within the discretion of the trial court (*see* CPLR 603; *Wright v New York City Hous. Auth.*, 273 AD2d 378 [2000]; *Lind v City of New York*, 270 AD2d 315 [2000]; *McIver v Canning*, 204 AD2d 698 [1994]; *O'Connor v C.T.G.N.Y.*, 159 AD2d 249 [1990]). Under the circumstances of this case, the trial court's bifurcation of the trial was a provident exercise of discretion.

"The opinion testimony of an expert must be based on facts in the record or personally known to the witness" (*Quinn v Artcraft Constr.*, 203 AD2d 444, 445 [1994], citing *Cassano v Hagstrom*, 5 NY2d 643, 646 [1959]). "An expert may not reach a conclusion by assuming material facts not supported by the evidence, and may not guess or speculate in drawing a conclusion" (*id.*). Contrary to the plaintiff's contention, the testimony of the defendants' expert was based on facts in the record and his own analysis, not speculation (*see Shi Pei Fang v Heng Sang Realty Corp.*, 38 AD3d 520 [2007]). Accordingly, the trial court correctly denied the plaintiff's motion to strike the testimony of the defendants' expert witness.

The plaintiff's remaining contention, raised in point one of its brief, is without merit. Skelos, J.P., Angiolillo, Leventhal and Roman, JJ., concur. [*See* 18 Misc 3d 1121(A), 2008 NY Slip Op 50152(U).]