In an action to recover damages for personal injuries, the plaintiff Wilfredo A. Cieza appeals from an order of the Supreme Court, Kings County (Schack, J.), dated April 30, 2012, which denied his motion pursuant to CPLR 602 (a) to consolidate the instant action with an action entitled Cieza v Wadolowski, pending in the Supreme Court, Queens County, under index No. 9703/11, and, in effect, to place venue of the consolidated action in Kings County.
Ordered that the order is reversed, on the facts and in exercise of discretion, with costs, and the motion of the plaintiff Wilfredo A. Cieza for consolidation and, in effect, to place venue of the consolidated action in Kings County is granted to the extent that the instant action and the action entitled Cieza v Wadolowski, pending in the Supreme Court, Queens County, under index No. 9703/11, shall be tried jointly in the Supreme Court, Kings County, and the Clerk of the Supreme Court, Queens County, is directed to deliver to the Clerk of the Supreme Court, Kings County, all papers filed in Cieza v Wadolowski, under index No. 9703/11, and certified copies of all minutes and entries (see CPLR 511 [d]).
The plaintiffs, Wilfredo A. Cieza and Zacarías M. Velasquez, commenced this action in the Supreme Court, Kings County, to recover damages for injuries they sustained on September 27, 2010, during the course of their employment. Subsequently, Cieza commenced an action in the Supreme Court, Queens County, to recover damages for injuries he sustained on July 16, 2010, in an automobile accident. Cieza moved to consolidate the two actions, and to place venue in Kings County. The Supreme Court denied the motion.
Where common questions of law or fact exist, a motion to consolidate or for a joint trial pursuant to CPLR 602 (a) should be granted absent a showing of prejudice to a substantial right by the party opposing the motion (see Mas-Edwards v Ultimate Servs., Inc., 45 AD3d 540 [2007]; Perini Corp. v WDF, Inc., 33 AD3d 605, 606 [2006]; Nationwide Assoc, v Targee St. Internal Med. Group, PC. Profit Sharing Trust, 286 AD2d 717 [2001]).
In view of Cieza’s allegations that certain injuries that he sustained in the automobile accident were exacerbated by the work-related accident, in the interest of justice and judicial economy, and to avoid inconsistent verdicts, the two actions *507 should be tried jointly (see McIver v Canning, 204 AD2d 698 [1994]; Gabran v O & Y Liberty Plaza Co., 174 AD2d 708 [1991]; Dolce v Jones, 145 AD2d 594 [1988]; Heck v Waldbaum’s Supermarkets, 134 AD2d 568, 569 [1987]; Holmes v Mercy Coll., 128 AD2d 836 [19871; Megyesi v Automotive Rentals, 115 AD2d 596 [1985]). Furthermore, the nonparty respondents failed to demonstrate that a joint trial would prejudice any substantial rights of theirs (see McIver v Canning, 204 AD2d 698 [1994]; Heck v Waldbaum’s Supermarkets, 134 AD2d at 569). Accordingly, Cieza’s motion for consolidation and to place venue of the action in Kings County should have been granted to the extent of directing a joint trial in the Supreme Court, Kings County. Skelos, J.E, Chambers, Sgroi and Hinds-Radix, JJ., concur.