13-1172-cv
*Hirsch, et al., v. Citibank, N.A.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of October, two thousand thirteen.

PRESENT:

> BARRINGTON D. PARKER,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
BERTRAM HIRSCH and IGOR ROMANOV,
on behalf of themselves and all others similarly situated,[*]

    *Plaintiffs-Appellees,*

    -v.-                            No. 13-1172-cv

CITIBANK, N.A.,

    *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**           Julia B. Strickland, Stroock & Stroock & Lavan LLP, Los Angeles, CA, (Joseph E. Strauss, *on the brief*, Stroock & Stroock & Lavan LLP, New York, NY).

---

[*] The Clerk of Court is requested to amend the official caption in this case to conform to the listing of the parties above.

**FOR APPELLEE:**                                    James C. Kelly, The Law Offices of James C. Kelly, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Batts, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED,** and the case is **REMANDED** to the district court for further proceedings.

Defendant-Appellant Citibank, N.A. ("Citibank") appeals from the district court's decision denying Citibank's motion to compel arbitration after concluding that the agreement to arbitrate was not binding on the parties as the signature cards signed by Appellees upon opening Citibank deposit accounts failed sufficiently to reference the document containing the arbitration provision. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Citibank contends that the district court erred in relying solely on the incorporation by reference doctrine as the basis for denying its motion and also in ignoring the evidence it introduced concerning its established policy of providing each new customer with the agreement governing deposit accounts[1] at signing. We review *de novo* the district court's determination that the arbitration agreement was not binding, accepting the district court's factual determinations unless clearly erroneous. *See Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 118-19 (2d Cir. 2012). "[T]he ultimate question of whether the parties agreed to arbitrate is determined by state law." *Bell v. Cendant Corp.*, 293 F.3d 563, 566 (2d Cir. 2002). "If there is an issue of fact as to the making of the agreement for

---

[1]  According to Citibank, deposit accounts opened in New York are subject to the terms and conditions of the Client Manual. In California, these accounts are governed by the terms and conditions contained in the Client Manual and the Citibank California & Nevada Marketplace Addendum. In this opinion, we will refer solely to the Client Manual as it contains the arbitration provision at issue in this case.

arbitration, then a trial is necessary." *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003) (citing 9 U.S.C. § 4).

We hold that the district court erred in concluding that the Signature Cards did not sufficiently incorporate by reference the Client Manual without deciding whether Citibank provided Hirsh and Romanov with the Client Manuals when they opened their accounts. A complete analysis of incorporation by reference considers the materials provided with the agreement. *See, e.g.*, *Samuel L. Hogan II, P.C. v. J.P. Morgan Chase Bank, N.A.*, 939 N.Y.S. 2d 744 (Sup. Ct. 2011) (holding that the underlying agreement was incorporated by reference because the incorporating contract both referred to the underlying agreement by name and was annexed to the underlying agreement); *Chiacchia v. Nat'l Westminster Bank*, 507 N.Y.S. 2d 888 (App. Div. 2d Dep't 1986) (finding that the rental agreement did not sufficiently incorporate by reference the underlying agreement both because the rental agreement included sweeping language and the underlying agreement was not provided to plaintiff.) On remand, the court should decide whether Citibank provided Appellants with the Client Manuals. In deciding this factual issue the court should consider whether Citibank fulfilled its burden of proof in demonstrating a corporate policy requiring the provision of the Client Manual, *see, e.g.*, *Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 597 F.3d 84, 92 (2d Cir. 2010) ("[A] presumption of receipt arises where . . . the record establishes office procedures followed in the regular course of business."), and whether Appellants actually received a copy of the Client Manual.

We note that, in signing the signature cards, Appellees agreed to be bound by "any agreement governing" their accounts. Even assuming that Appellees received the Client Manual upon opening their accounts, which they deny, the Client Manual on its face does not state that it is an agreement or that it contains terms and conditions governing these accounts. Moreover, although Citibank has provided a declaration according to which its practice and procedure is to

3

provide the Client Manual to new customers opening deposit accounts, there is no evidence to indicate whether new customers are alerted to the fact that their accounts are governed by the terms and conditions included in the Client Manual or that the Client Manual contains an arbitration clause. We have held that "receipt of a physical document containing contract terms or notice thereof is frequently deemed, in the world of paper transactions, a sufficient circumstance to place the offeree on inquiry notice of those terms." *Specht v. Netscape Commc'ns Corp.*, 306 F.3d 17, 31 (2d Cir. 2002). While "[i]t is true that a party cannot avoid the terms of a contract on the ground that he or she failed to read it before signing[,]. . . [a]n exception to this general rule exists when the writing does not appear to be a contract and the terms are not called to the attention of the recipient. In such a case no contract is formed with respect to the undisclosed term." *Id.* at 30 (citation and internal quotation marks omitted). This presents an issue of fact that has yet to be determined.

Alternatively, Citibank contends that Appellees are equitably estopped from arguing that they did not agree to arbitrate as they derived benefits from their deposit accounts, which are governed by the terms and conditions of the Client Manual, and therefore, are bound by the arbitration provision included therein.[2] We have previously held that a party may be bound by an arbitration clause when he has "knowingly accepted the benefits of an agreement with an arbitration clause, even without signing the agreement." *MAG Portfolio Consultant, GmbH v. Merlin Biomed Grp. LLC*, 268 F.3d 58, 61 (2d Cir. 2001) (internal quotation marks omitted). Mere acceptance of a benefit can constitute assent, but only where the "offeree makes a decision to take the benefit with knowledge

---

[2] Although in general "an appellate court will not consider an issue raised for the first time on appeal," *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) (internal quotation marks omitted), it has discretion to consider waived arguments where "necessary to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding," *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) (internal quotation marks omitted). We consider Citibank's argument, here, in light of the long established "liberal federal policy favoring arbitration agreements." *CompuCredit Corp. v. Greenwood*, ___ U.S. ____, 132 S.Ct. 665, 669 (2012).

4

[actual or constructive] of the terms of the offer." *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 403 (2d Cir. 2004). In sum, estoppel "requires a showing . . . that [a party] 'knowingly exploited' the benefits of an agreement with an arbitration clause and derived a 'direct benefit' from the agreement." *AICO Int'l, E.C. v. Merrill Lynch & Co., Inc.*, 98 F. App'x 44, 46 (2d Cir. 2004) (summary order) (quoting *MAG Portfolio*, 268 F.3d at 61-62). Although Citibank contends that Appellees obtained benefits under the Client Manual, namely account management services and interest, Appellees argue that they did not receive any benefits stemming from the Client Manual, and that all benefits they received, *i.e.*, the airline miles, were associated with the offer of miles they accepted by opening their accounts. As the evidence available on the record fails sufficiently to substantiate either position, this creates another issue of fact.

Because issues of fact exist "as to the making of the agreement for arbitration, . . . a trial is necessary." *Bensadoun*, 316 F.3d at 175 (citing 9 U.S.C. § 4).

For the foregoing reasons, the judgment of the district court is **VACATED,** and the case is **REMANDED** to the district court for further proceedings consistent with this Order. We express no view as to how the district court should, in the first instance, resolve these factual disputes on remand. Nor by this order, do we intend to limit the evidence that the district court may consider, but leave such decisions to its sound discretion.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court