14-2491-cv
Hirsch v. Citibank

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 13th day of May, two thousand fifteen.

Present:     DENNIS JACOBS,
             ROSEMARY S. POOLER,
             PETER W. HALL,
                  *Circuit Judges*.

_____

BERTRAM HIRSCH and IGOR ROMANOV, on behalf of themselves and all others similarly situated,

                  *Plaintiffs-Appellees*,

              v.                                              14-2491-cv

CITIBANK, N.A.,

                  *Defendant-Appellant*.[1]

_____

Appearing for Appellant:     Julia B. Strickland, Stroock & Stroock & Lavan LLP (Joseph E. Strauss, New York, N.Y., *on the brief*) Los Angeles, CA.

Appearing for Appellees:     James C. Kelly, The Law Office of James C. Kelly (Samuel P. Sporn, Schoengold & Sporn, P.C., New York, N.Y., *on the brief*) New York, N.Y.

---

[1] The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Batts, *J.*).

      **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

      Citibank, N.A. appeals from the June 10, 2014 memorandum and order of the United States District Court for the Southern District of New York (Batts, *J.*) denying its motion to compel arbitration. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

      We review a district court's denial of a motion to compel arbitration de novo. *Arciniaga v. Gen. Motors Corp.*, 460 F.3d 231, 234 (2d Cir. 2006). "The question of whether the parties have agreed to arbitrate is also reviewed *de novo* to the extent that the district court's conclusion was based on a legal determination, but findings of fact, if any, bearing on this question are reviewed under a clearly erroneous standard." *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 118–19 (2d Cir. 2012) (internal quotation marks omitted).

      Citibank first argues that the district court improperly focused its analysis on arbitration and imposed a "special notice" requirement on the arbitration provisions. However, our previous summary order noted that the record before us lacked "evidence to indicate whether new customers are alerted to the fact that their accounts are governed by the terms and conditions included in the Client Manual or that the Client Manual contains an arbitration clause." *Hirsch v. Citibank, N.A.*, 542 F. App'x 35, 37 (2d Cir. 2013). We also noted that "[w]hile it is true that a party cannot avoid the terms of a contract on the ground that he or she failed to read it before signing, . . . an exception to this general rule exists when the writing does not appear to be a contract and the terms are not called to the attention of the recipient. In such a case no contract is formed with respect to the undisclosed term." *Id.* (internal alterations and quotation marks omitted) (omission in original). If our Court highlights issues that need to be resolved and remands so that the district court may consider such issues, it is to be expected that those issues will be the focus of the district court's attention.

      Nor do we find clear error in the district court's factual findings. The Client Manual does not, on its cover, state that it is an agreement, or otherwise indicate on its face that it includes terms and conditions governing the accounts at issue.  Further, the signature cards were so broadly worded that a reasonable person would not be on notice as to what external terms and conditions applied to the agreement to open the account. *See, e.g., Crewe v. Rich Dad Educ. LLC*, 884 F. Supp. 2d 60, 66, 73 (S.D.N.Y. 2012) (holding customers to arbitration agreement set forth in an external document where customers signed document stating "that it incorporates 'the accompanying Terms and Conditions,'" and the document directed signatories to "Read the Agreement and the accompanying Terms and Conditions in their entirety before signing"); *Samuel L. Hagan II, P.C. v. J.P. Morgan Chase Bank, N.A.,* 939 N.Y.S.2d 744 (Sup. Ct. 2011) (underlying agreement incorporated by reference where the incorporating contract explicitly identified the underlying agreement by name and was annexed to the underlying agreement); *Chiacchia v. Nat'l Westminster Bank*, 507 N.Y.S.2d 888, 889-90 (2d Dep't 1986) (rental agreement failed to incorporate by reference the underlying agreement because the rental

agreement included sweeping language and the plaintiff did not receive underlying agreement); *Larrus v. First Nat'l Bank of San Mateo Cty.*, 122 Cal. App. 2d 884, 886 (Cal. App. 1954) (signature card that the court found bound the account holder to external terms and conditions stated specifically that the account was "governed by the by-laws, regulations, rules and practices of the bank").

Even assuming arguendo that Citibank established it was entitled to a presumption of receipt, the district court's factual findings in this regard are not clearly erroneous. There is ample record support for the district court's finding that "[i]f Citibank had a corporate policy regarding account openings, the record makes clear that its employees consistently ignored parts of the policy." App'x at 52.

Finally, we agree with the district court that Citibank waived its rights to raise the estoppel argument in exchange for Appellees' narrowing the issues for which discovery was going to be conducted, and that Citibank could not undo that agreement. However, Citibank's waiver extended only to the issue before the district court during the proceedings on the motion to compel and does not extend to any other issues that may be implicated as the litigation continues.

We have considered the remainder of Citibank's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3