Robinson v 47 Thames Realty, LLC (2018 NY Slip Op 01208)





Robinson v 47 Thames Realty, LLC


2018 NY Slip Op 01208


Decided on February 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
L. PRISCILLA HALL
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2015-01138
 (Index No. 17405/13)

[*1]Ellen Robinson, et al., respondents, 
v
47 Thames Realty, LLC, appellant.


Rosenberg & Estis, P.C., New York, NY (Dani Schwartz, Jason R. Davidson, and Jeffrey Turkel of counsel), for appellant.
Bierman & Associates, New York, NY (Mark H. Bierman of counsel), and Stephen H. Palitz, New York, NY, for respondents (one brief filed).



DECISION & ORDER
Appeal from an amended order of the Supreme Court, Kings County (Bernadette Bayne, J.), dated December 11, 2014. The amended order, insofar as appealed from, granted that branch of the plaintiffs' motion which was pursuant to CPLR 602 to remove two holdover proceedings entitled 47 Thames Realty, LLC v Shillingburg and 47 Thames Realty, LLC v Kreiling, pending in the Civil Court, Kings County, under Index Nos. 50394/14 and 50396/14, respectively, to the Supreme Court, Kings County, in order to consolidate them with this action to the extent of removing those proceedings and joining them for trial with this action.
ORDERED that the amended order is affirmed insofar as appealed from, with costs.
In August 2013, the defendant in this action, 47 Thames Realty, LLC (hereinafter the landlord), sought to evict four of its tenants, the plaintiffs in this action, Ellen Robinson, Don Shillingburg, Amy Kreiling, and Roy Williams (hereinafter collectively the tenants), by serving them with 30-day notices of termination of their tenancies. In September 2013, the tenants commenced this action in the Supreme Court, Kings County, seeking, among other things, an injunction precluding their ejectment on the ground that the landlord's termination notices were precluded by adverse determinations against the landlord in prior proceedings against the tenants on the same grounds. In December 2013, the landlord commenced holdover proceedings against the tenants in the Housing Part of the Civil Court, Kings County. The tenants subsequently moved in the Supreme Court, inter alia, pursuant to CPLR 602 to remove the holdover proceedings from the Civil Court to the Supreme Court, and to consolidate those proceedings with this action. The Supreme Court granted those branches of the motion to the extent of removing those proceedings and joining them for trial with this action. The landlord appeals.
A motion to consolidate or join for trial is addressed to the sound discretion of the trial court and, absent a showing of substantial prejudice by the party opposing the same, is proper where there are common questions of law and fact (see CPLR 602[a]; Moses v B & E Lorge Family Trust, 147 AD3d 1043, 1045; Best Price Jewelers.Com, Inc. v Internet Data Stor. & Sys., Inc., 51 [*2]AD3d 839, 839; Flaherty v RCP Assoc., 208 AD2d 496, 498; Zupich v Flushing Hosp. & Med. Ctr., 156 AD2d 677, 677-678). Further, consolidation or joinder for trial is appropriate to avoid unnecessary duplication of trials, save unnecessary costs and expense, and prevent an injustice which would result from divergent decisions based on the same facts (see Zupich v Flushing Hosp. & Med. Ctr., 156 AD2d at 677-678).
Here, the Supreme Court providently exercised its discretion in granting those branches of the tenants' motion which were for removal and consolidation of the Civil Court proceedings with this action to the extent of removing those proceedings and joining them for trial with this action. The evidence and testimony in those proceedings and this action involve the same essential facts and transactions between the parties, and will require the determination of common issues. Moreover, the landlord failed to demonstrate any prejudice that might result from joinder for trial (see Best Price Jewelers.Com, Inc. v Internet Data Stor. & Sys., Inc., 51 AD3d at 839; Zupich v Flushing Hosp. & Med. Ctr., 156 AD2d at 678).
CHAMBERS, J.P., HALL, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court