Matter of County of Rockland v New York State Pub. Empl. Relations Bd. (2024 NY Slip Op 01216)

Matter of County of Rockland v New York State Pub. Empl. Relations Bd.

2024 NY Slip Op 01216

Decided on March 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 7, 2024

535968
[*1]In the Matter of County of Rockland et al., Appellants,
v
New York State Public Employment Relations Board et al., Respondents, et al., Respondents.

Calendar Date:January 17, 2024

Before:Aarons, J.P., Pritzker, Lynch, Fisher and Mackey, JJ.

Girvin & Ferlazzo, PC, Albany (Christopher P. Langlois of counsel), for appellants.
New York State Public Employment Relations Board, Albany (Ellen M. Mitchell of counsel), for New York State Public Employment Relations Board, respondent.
Isaacs Devasia Castro & Wien LLP, New York City (Liam L. Castro of counsel), for Superior Officers Council of the Sheriff's Corrections Officers Association of Rockland County, respondent.
Davis & Ferber, LLP, Islandia (Alex J. Kaminski of counsel), for Rockland County Sheriff's Deputies Association, respondent.

Aarons, J.P.
Appeal from a judgment of the Supreme Court (Roger D. McDonough, J.), entered July 14, 2022 in Albany County, which, among other things, dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Public Employment Relations Board finding that petitioners had committed an improper employer practice.
Respondents Rockland County Sheriff's Deputies Association and Superior Officers Council of the Sheriff's Corrections Officers Association of Rockland County (hereinafter collectively referred to as respondents) are bargaining representatives for various employees who are jointly employed by petitioners. For over a decade, the covered employees were allowed to obtain prescription medications at no cost when prescriptions were filled at a particular pharmacy. This benefit remained in place even after petitioner County of Rockland switched from being self-insured to being a participant in the New York State Health Insurance Program (hereinafter NYSHIP). After the pharmacy closed, the County rescinded the prescription drug copayment benefit, and the employees became financially responsible for copayments for their prescription drugs.
Respondents filed separate improper practice charges with respondent New York State Public Employment Relations Board (hereinafter PERB) claiming that, in 2013, petitioners improperly terminated the benefit of providing full prescription drug coverage for employees. Following a hearing, an Administrative Law Judge (hereinafter ALJ) found that a past practice existed with respect to the prescription drug copayment benefit. Notwithstanding this, the ALJ agreed with petitioners' contract reversion defense and dismissed the improper practice charges. On administrative appeal, PERB reversed, agreeing with the ALJ that a past practice existed but rejecting the ALJ's acceptance of the contract reversion defense. PERB thus directed the reinstatement of the prescription drug copayment benefit for employees.
Petitioners commenced this CPLR article 78 proceeding seeking annulment of PERB's determination. Respondents and PERB separately joined issue, with PERB also asserting a counterclaim seeking to enforce its remedial order. In a July 2022 judgment, Supreme Court dismissed the amended petition and granted PERB's counterclaim. This appeal ensued.
Petitioners contend that providing employees full coverage for prescription drugs was not a past practice. "Whether a past practice exists depends on whether it was unequivocal and was continued uninterrupted for a period of time under the circumstances to create a reasonable expectation among the affected unit employees that the practice would continue" (Matter of Spence v New York State Dept. of Transp., 167 AD3d 1188, 1189-1190 [3d Dept 2018] [internal quotation marks and citations omitted]; see Matter of State of New York v New York State Pub. Empl. Relations Bd., 183 AD3d 1172, 1175-1176 [3d Dept 2020]). When reviewing PERB's [*2]determination of a past practice made after a hearing, a court must assess whether substantial evidence supports such determination (see Matter of Chenango Forks Cent. Sch. Dist. v New York State Pub. Empl. Relations Bd., 21 NY3d 255, 265 [2013]; Matter of State of New York v New York State Pub. Empl. Relations Bd., 183 AD3d at 1174-1175).[FN1]
PERB found, and the record confirms, that, since 1989, the subject employees did not pay a copayment for prescription drugs and that, even though the County switched from being self-insured to utilizing an insurance plan for employee coverage, this did not change the fact that employees did not have to pay a copayment. At the hearing, witnesses testified that they believed that this prescription drug benefit would last indefinitely. In view of the foregoing, substantial evidence supports PERB's determination that a past practice existed (see Matter of State of New York v New York State Pub. Empl. Relations Bd., 176 AD3d 1460, 1464 [3d Dept 2019]; Matter of Chenango Forks Cent. School Dist. v New York State Pub. Empl. Relations Bd., 95 AD3d 1479, 1483 [3d Dept 2012], affd 21 NY3d 255 [2013]; Matter of Manhasset Union Free School Dist. v New York State Pub. Empl. Relations Bd., 61 AD3d 1231, 1234 [3d Dept 2009]; Matter of Unatego Non-Teaching Assn. v New York State Pub. Empl. Relations Bd., 134 AD2d 62, 64-65 [3d Dept 1987], lv denied 71 NY2d 805 [1988]).
Petitioners' assertion that employees could not have reasonably expected that full coverage for prescription drugs would continue because such practice was inconsistent with the terms of the relevant collective bargaining agreements is without merit. To the extent that petitioners argue that there could not have been a reasonable expectation that the prescription drug benefit would continue because such benefit depended on its inclusion in an annual budget, petitioners waived this argument because they did not raise it before PERB (see Matter of New York State Correctional Officers & Police Benevolent Assn. v New York State Pub. Empl. Relations Bd., 309 AD2d 1118, 1120 [3d Dept 2003]).
Petitioners further contend that PERB erred in rejecting their contract reversion defense. We disagree. "Duty satisfaction occurs when a specific subject has been negotiated to fruition and may be established by contractual terms that either expressly or implicitly demonstrate that the parties had reached accord on that specific subject" (Matter of Kent v Lefkowitz, 27 NY3d 499, 504 [2016] [internal quotation marks and citation omitted]). Under contract reversion, a form of duty satisfaction, if the parties have reached an agreement on a specific subject following negotiations, a party can end an inconsistent past practice by reverting to the terms of the negotiated provisions relative to that subject (see Matter of Sullivan County Patrolmen's Benevolent Assn., 51 PERB ¶ 3008 [2018]). Petitioners carry the burden of showing that "the parties have negotiated terms in an agreement [*3]that are reasonably clear on the specific subject at issue" (Matter of Kent v Lefkowitz, 27 NY3d at 505 [internal quotation marks and citation omitted]).
Petitioners point to medical insurance sections in the various collective bargaining agreements entered into between petitioners and respondents, specifically that they all provide that the employer would pay 100% of the premium or cost for the eligible individuals "for coverage under a core plus medical and psychiatric enhancements as described in the New York State Insurance Plan."[FN2] According to petitioners' interpretation of the collective bargaining agreements, the parties negotiated to fruition petitioners' financial obligations relative to health insurance and that these provisions in the collective bargaining agreements limited petitioners' obligations only to the payment of health insurance premiums. As PERB found, however, the relied-upon provisions do not support petitioners' interpretation. Indeed, these provisions do not speak to prescription drug copayments. Moreover, there is nothing in the collective bargaining agreements that discusses the issue of copayments for prescription drugs. Thus, as PERB also found, there is nothing in the collective bargaining agreements making it reasonably clear that petitioners would not provide the prescription drug benefit.
Petitioners also cite to a plan description describing the various health insurance benefits in a NYSHIP plan to support their reading of the collective bargaining agreements. Given that the plan description is extrinsic material, petitioners rely on the incorporation by reference doctrine, which provides that "the paper to be incorporated into a written instrument by reference must be so referred to and described in the instrument that the paper may be identified beyond all reasonable doubt" (Chiacchia v National Westminster Bank, 124 AD2d 626, 628 [2d Dept 1986]; see Maines Paper & Food Serv., Inc. v Keystone Assoc., Architects, Engrs., & Surveyors, LLC, 134 AD3d 1340, 1342 [3d Dept 2015]). As PERB concluded, the collective bargaining agreements did not explicitly refer to the plan description. Moreover, there was no language in the collective bargaining agreements referring to the plan description so as to identify that plan description beyond all reasonable doubt. Accordingly, petitioners' reliance on the doctrine of incorporation is unavailing (see Von Ancken v 7 E. 14 L.L.C., 171 AD3d 440, 441 [1st Dept 2019], lv denied 33 NY3d 912 [2019]; Chiacchia v National Westminster Bank, 124 AD2d at 628).
Finally, in view of the foregoing, PERB is entitled to enforce its remedial order. Supreme Court thus correctly granted PERB's counterclaim (see Civil Service Law § 213 [d]; Matter of State of New York v New York State Pub. Empl. Relations Bd., 183 AD3d at 1177). Petitioners' remaining contentions are either unpreserved or without merit.
Pritzker, Lynch, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed, without [*4]costs.

Footnotes

Footnote 1: Although Supreme Court incorrectly reviewed PERB's determination under an arbitrary and capricious standard, remittal for consideration under the substantial evidence standard is inappropriate (see Civil Service Law § 213 [c]; CPLR 7804 [g]).

Footnote 2: The relied-upon provisions in the various collective bargaining agreements contain slightly different language but do not vary substantively.